IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,           )
                                    )
                    Plaintiff,      )
                                    )
v.                                  )        Criminal No.04-10104-02
                                    )        Civil No. 07-1281-MLB
LARRY J. JOHNSON,                   )
                                    )
                    Defendant.      )
_____)

## MEMORANDUM AND ORDER

Before the court is defendant's motion pursuant to 28 U.S.C. § 2255 (Doc. 148).  The motion is denied for the following reasons.

The Order and Judgment affirming defendant's convictions adequately sets forth the underlying facts.  United States v. Larry "Mississippi" Johnson, Circuit Case No. 05-3023 filed June 22, 2006 (Doc. 147).  Defendant did not appeal his sentences, which were imposed as follows:

Count 1      Conspiracy to distribute cocaine base after prior conviction of a drug felony in violation of 21 U.S.C. § 846: 20 years (mandatory minimum).

Count 2      Distribution of cocaine base after prior conviction of a drug felony in violation of 21 U.S.C. § 841: 20 years (10 year mandatory minimum).

Count 3      Distribution of cocaine base after prior conviction of a drug felony in violation of 21 U.S.C. § 841: 20 years (10 year mandatory minimum).

Count 4        Distribution of cocaine base after prior conviction of a drug felony in violation of 21 U.S.C. § 841: 20 years (10 year mandatory minimum).

Count 5        Distribution of cocaine base after prior conviction of a drug felony in violation of 21 U.S.C. § 841: 20 years (20 year mandatory minimum).

Count 6        Possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1): 5 years consecutive to all other counts.

Count 7        Possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g): 10 years.

The sentences for Counts 1, 2, 3, 4, 5 and 7 were ordered to run concurrently with 20 years as the controlling sentence. The sentence for Count 6 was ordered to run consecutive to the other counts, as required by statute, for a total sentence of 25 years. Defendant did not object to any aspect of the sentence calculation (see transcript of sentencing, Doc. 107, attached as Exhibit A). On the contrary, defendant requested the mandatory minimum sentence of 25 years, which is the sentence imposed by the court.

Defendant raises three claims in support of his motion, which are quoted verbatim:

Ground one: Ineffective counsel

Counsel for the defendant failed to investigate pending United States Supreme Court ruling that would have affected

-2-

defendants sentence, in light of (Booker).

Ground two:  Counsel for the defendant was ineffective for failing to object to the court using the guidelines in a mandatory fashion.

The District Court sentenced the defendant using the guidelines as mandatory in light of pending United States Supreme Court ruling, striking down the mandatory application of the guidelines.  The defendants sentence thus was unreasonable.

Ground three: the District Court denide [sic] the defendant (due process).

The United States District court denide [sic] the defendant due process by failing to cite any reason for it's imposition of the sentence that it imposed upon the defendant as is afforded all defendants under 18 U.S.C. 3553.

Defendant has not cited supporting authority or argument for any of his claims.

United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 was decided on January 12, 2005.  Defendant was sentenced on January 10, 2005, two days before Booker was handed down. Defendant's claim that his counsel failed to investigate "pending" Booker is conclusory and meritless.  Counsel cannot be ineffective for failing to raise Booker issues before the case was decided, especially since it has required countless subsequent decisions to interpret Booker.  Defendant's second argument fails because the court did not impose guideline sentences; it imposed statutory mandatory minimum

-3-

20 year sentences on counts 1 and 5.   There was and is no way to utilize the guidelines to calculate or manipulate defendant's sentences to achieve an outcome of less than 25 years.   In this case, the guidelines were superfluous.   Defendant's third ground fails because 18 U.S.C. § 3553(a) does not apply to mandatory sentences. United States v. Huskey, ____ F.3d ___ (10th Cir. Sept. 18, 2007).

The court finds that the motions and the files and records of the case conclusively show that defendant is not entitled to relief and accordingly, his motion pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

Dated this   21st   day of September 2007, at Wichita, Kansas.


s/Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-4-